# IN THE SUPERIOR COURT

# OF THE STATE OF DELAWARE

HILLER & ARBAN, LLC,                )
                                    )
    Plaintiff,              )
                                    )
    v.                      )    C.A. No. N15C-02-161 WCC
                                    )
THE RESERVES MANAGEMENT,            )
LLC and ABRAHAM KOROTKI,            )
                                    )
    Defendants.             )
                                    )

Submitted: February 23, 2016
Decided: July 1, 2016

**Defendants' Motion to Dismiss and for Other Relief**
**GRANTED IN PART - DENIED IN PART**

**MEMORANDUM OPINION**

Adam Hiller, Esquire, Brian Arban, Esquire, Hiller & Arban, LLC, 1500 N. French Street, 2nd Floor, Wilmington, Delaware 19801. Attorneys for Plaintiff.

Anthony M. Saccullo, Esquire, Thomas H. Kovach, Esquire, A.M. Saccullo Legal, LLC, 27 Crimson King Drive, Bear, Delaware 19701. Attorneys for Defendants.

David L. Braverman, Esquire, Benjamin A. Garber, Esquire, Braverman Kaskey, P.C., One Liberty Place, 56th Floor, Philadelphia, PA 19103. Attorneys for Defendants.

**CARPENTER, J.**

The Court has before it a Motion to Dismiss and for Other Relief filed by Defendants, The Reserves Management, LLC ("Reserves Management") and Abraham Korotki ("Mr. Korotki") (collectively, "Defendants"), in response to Plaintiff Hiller & Arban, LLC's ("H&A") Second Amended Complaint. For the reasons that follow, the Motion to Dismiss is GRANTED in part and DENIED in part, the Motion to Strike is DENIED, and the Motion for a More Definite Statement is DENIED.

## BACKGROUND

The instant Motion arises out of one of two lawsuits pending before this Court relating to a dispute between a law firm and its former clients.[1] Mr. Korotki is president and managing member of Reserves Management, a Delaware limited liability company.[2] Up until November 15, 2013, H&A allegedly served as legal counsel to both Reserves Management and Mr. Korotki, in his individual capacity.[3] On or about May 11, 2011, Mr. Korotki allegedly signed a contract on Reserves Management's behalf pursuant to which it agreed to pay H&A's customary hourly rate and reimburse out-of-pocket expenses in exchange for the firm's representation in "ongoing legal matters" ("Fee Agreement").[4] According to H&A,

---

[1] Pl. Second Am. Compl. ¶¶ 1, 3.
[2] *Id.* ¶ 3.
[3] *Id.* ¶ 5. H&A allegedly represented a number of other entities owned and managed by Mr. Korotki and/or his wife in addition to Reserves Management. However, this Motion contemplates neither Mrs. Korotki, nor any of the other entities owned by the Korotkis.
[4] *Id.* ¶¶ 6-8 (specifying that these matters were originally undertaken by Adam Hiller, Esquire, while employed at a prior law firm).

2

this agreement was supplemented via email on June 25, 2013 to provide for payment on a contingency fee basis with respect to the firm's work on the appeal of Reserve Management's case against RT Properties, LLC ("Contingency Fee Supplement").[5] Specifically, Defendants allegedly promised to pay H&A $45,000 if the firm secured a favorable ruling from the Delaware Supreme Court.[6]

H&A successfully prosecuted the RT Properties appeal, in addition to furnishing other legal services and incurred expenses in connection therewith.[7] To date, H&A maintains Defendants owe the firm $103,367.71 in unpaid fees and expenses.[8] As a result, H&A filed its Complaint on February 19, 2015, and subsequently amended its pleading on February 25, 2015. Defendants moved to dismiss the First Amended Complaint and a hearing was held on August 14, 2015 before Judge Scott,[9] who reserved decision on the motion. Before a decision was rendered, however, Plaintiff was granted leave to amend its First Amended Complaint in accordance with Delaware Superior Court Civil Rule 15.

H&A filed its Second Amended Complaint on September 22, 2015, which asserts claims for breach of contract and promissory estoppel against Reserves

---

[5] *Id.*

[6] *Id.* (noting that this agreement also provided Reserves Management would reimburse H&A for out-of-pocket expenses incurred in connection with the appeal).

[7] *Id.* ¶ 9.

[8] *Id.* ¶¶ 9, 14. These fees and expenses "relate to a number of different matters, but for the most part related to [Reserves] Management's litigation (including but not limited to two appeals) against American Acquisition Property I, LLC and R.T. Properties, LLC and its affiliates." *Id.* ¶ 10.

[9] Judge Scott, in the early stages of the litigation, discovered a conflict with the parties and the case was reassigned.

Management, and *quantum meruit* and fraud against both Defendants. In addition to the $103,367.71 (plus costs and interest), H&A seeks attorneys' fees in connection with the breach of contract and fraud counts, as well as punitive damages for fraud.[10] Defendants responded on October 6, 2015 with the instant Motion and H&A filed an objection thereafter. The Court heard argument on the Motion on February 23, 2016, and its decision is as follows.

## DISCUSSION

Defendants' Motion asks the Court to: (1) dismiss H&A's *quantum meruit*, fraud, and estoppel claims; and (2) strike H&A's demands for punitive damages and attorneys' fees; or (3) in the alternative, order H&A to supply a more definite statement.[11] The Court will address each form of relief sought by Defendants separately below.

### A. MOTION TO DISMISS

Under Superior Court Civil Rule 12(b)(6), the Court may grant a motion to dismiss for failure to state a claim.[12] The standards applied by Delaware Courts in reviewing 12(b)(6) motions are well-established: (1) "all well-pleaded factual allegations are accepted as true;" (2) "even vague allegations are 'well-pleaded'

---

[10] Pl. Second Am. Compl. ¶¶ 15-51.

[11] Defs.' Mot. to Dismiss and for Other Relief , ¶¶ 1-2. Defendants do not, in the present Motion, seek dismissal of H&A's breach of contract claim against Reserves Management, nor has the Court been provided copies of or evaluated the alleged Agreements. Defendants' Motion to Dismiss the First Amended Complaint, did, however, request that the contract claim be dismissed.

[12] *See* Super. Ct. Civ. R. 12(b)(6).

4

if…the opposing party [has] notice of the claim;" (3) all reasonable inferences are drawn in the non-moving party's favor; and (4) dismissal is appropriate only if recovery would be impossible under "any reasonably conceivable set of circumstances susceptible of proof."[13]

### 1. *Quantum Meruit*

In Count II of the Second Amended Complaint, H&A seeks recovery of unpaid fees and expenses from both Mr. Korotki and Reserves Management under the doctrine of *quantum meruit*. *Quantum meruit* is a quasi-contractual claim by which a plaintiff, "in the absence of an express agreement," may seek to "recover the reasonable value of …services it rendered to the defendant."[14] To prevail under this theory, a plaintiff must show (1) its services were performed "with the expectation that the recipient would pay for them" and (2) "the recipient should have known…[plaintiff] expected to be paid."[15] Here, H&A alleges it represented Reserves Management at Mr. Korotki's request with the expectation Reserves Management would compensate the firm for its services and reimburse certain

---

[13] *See Beck v. Brady*, 2004 WL 2154284, at *1 (Del. Supr. Sept. 20, 2004) (quoting *Kofron v. Amoco Chems. Corp.*, 441 A.2d 226, 227 (Del. 1982)) (citing *Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del.1995) and *Ramunno v. Cawley,*705 A.2d 1029, 1034 (Del.1998)).

[14] *See Abacus Sports Installations, Ltd. v. Casale Const., LLC*, 2012 WL 1415603, at *2 (Del. Super. Feb. 14, 2012) (quoting *Middle States Drywall, Inc. v. DMS Props.-First, Inc.*, 1996 WL 453418, at *10 (Del. Super. May 18, 1996)).

[15] *See Petrosky v. Peterson*, 859 A.2d 77, 79 (Del. 2004).

expenses.[16]  According to H&A, Defendants accepted and benefitted from the firm's representation, knowing it expected to be paid in return for its services.[17]

First, Defendants urge the Court to dismiss the *quantum meruit* claim as it pertains to Reserves Management because H&A also alleges that the parties' relationship is governed by an express agreement.[18]  In particular, Count I of the Second Amended Complaint asserts a claim for breach of contract against Reserves Management.  Defendants are correct that *quantum meruit* is unavailable in cases where it is clear from the complaint that the parties' relationship is controlled by contract.[19]  Additionally, the Court agrees that the Second Amended Complaint appears to rely, primarily, on the existence of an express agreement between H&A and Reserves Management.  The Court also recognizes, however, that it is permissible for a party to seek quasi-contractual relief *in the alternative* to its contract claims.[20]  Indeed, this practice is generally appropriate in cases where "there is doubt surrounding the enforceability or the existence of the contract."[21]

[16] *See* Pl. Second Am. Compl. ¶¶ 22, 25.
[17] *See id.* ¶¶ 23-27.
[18] Defs.' Mot. to Dismiss and for Other Relief , ¶ 1.
[19] *See Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005) ("Courts generally dismiss claims for *quantum meruit* on the pleadings when it is clear from the face of the complaint that there exists an express contract that controls.").
[20] *See Grunstein v. Silva*, 2009 WL 4698541, at *9 (Del. Ch. Dec. 8, 2009) (addressing promissory estoppel claim and stating "by contending that the Plaintiffs' assertion of the existence of consideration by way of their breach of contract claim precludes their promissory estoppel claim, the Defendants, in effect, seek to deprive the Plaintiffs of the ability to plead in the alternative").
[21] *See Albert,* 2005 WL 2130607, at *8.  *See also* Super. Ct. Civ. R. 8 (permitting parties to seek relief in the alternative or of different classifications).

Here, H&A maintains it included both claims because it believes Defendants are reserving the right to challenge the existence of an enforceable agreement. H&A emphasizes that Defendants have not stipulated to the existence of a valid contract and the instant Motion to Dismiss does not directly respond to H&A's breach of contract allegations. While the Court would anticipate that the parties' relationship, being that of lawyer-client, is governed by contract, there appears to be a question of whether the present dispute is in fact addressed by an enforceable agreement between the parties. As a result, the Court will allow H&A to plead *quantum meruit* in the alternative to its breach of contract claim against Reserves Management.[22]

Defendants also move to dismiss Count II with respect to Mr. Korotki on the basis that "he retained no individual benefit from the alleged services and [H&A] does not allege to have performed any legal services or incurred any expenses on behalf of Mr. Korotki."[23] Here, the Court agrees with Defendants. While the Second Amended Complaint alleges H&A "served as counsel to [Reserves] Management and…Korotki himself" and that "Korotki realized a benefit" as a result, there is nothing more in this count that would reflect benefits beyond those received by Reserves Management.[24] In fact, the Second Amended Complaint

---

[22] Of course, if it is shown that the instant dispute was contemplated by the alleged agreement between the parties, H&A's theory of recovery will be limited to its breach of contract claim.
[23] Defs.' Mot. to Dismiss and for Other Relief, ¶ 1.
[24] *See* Pl.'s Second Am. Compl. ¶¶ 5, 27.

asserts that, at all times, Mr. Korotki was "acting as president and controlling agent of [Reserves Management]" and is only alleged to have requested and accepted the relevant legal services *on behalf* of Reserves Management.[25] As plead, the Second Amended Complaint does not support a *quantum meruit* claim against Mr. Korotki individually, and this count will be dismissed as to him.

## 2. Fraud

To survive a motion to dismiss, a claim for fraud must allege:

> 1) a false representation, usually one of fact, made by the defendant; 2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance.[26]

Superior Court Rule 9(b) additionally requires that "in all averments of fraud...the circumstances constituting fraud shall be stated with particularity."[27] As a result, "general allegations of fraud are insufficient" and a complaint must contain facts providing notice of the fraudulent acts charged.[28] At the very least, a plaintiff must

---

[25] *See id.* ¶¶ 4, 7, 21-23. *See generally Boulden v. Albiorix, Inc.*, 2013 WL 1455826, *2 (Del. Ch. Apr. 10, 2013) (rejecting motion to amend to add claim for quantum meruit where the proposed complaint did not allege that the party against whom the claim was sought to be asserted "act[ed] in his personal capacity" or "would derive (or in fact, did obtain) a direct benefit" but rather "consistently referred to [him]... as working 'on behalf of Janus' or as a Janus representative").

[26] *Gaffin v. Teledyne, Inc.,* 611 A.2d 467, 472 (Del.1992).

[27] Del. Super. Ct. Civ. R. 9(b). *Castetter v. Del. Dep't of Labor*, 2002 WL 819244, at *3 (Del. Super. Apr. 30, 2002) ("Because the claim of fraud, if established, may result in an award of punitive damages it is important that the defendants be provided with the specifics of the alleged conduct.").

[28] *See Castetter*, 2002 WL 819244, at *3( noting also, however, that "[w]hile fraud must be alleged with particularity under Superior Court Civil Rule 9(b), it is only necessary to allege ultimate facts and not evidence").

allege "(1) the time, place, and contents of the false representation; (2) the identity of the person making the representation; and (3) what the person intended to gain by making the representations."[29]

Here, H&A alleges Mr. Korotki requested and accepted the firm's services on Reserves Management's behalf throughout the course of H&A's retention.[30] Mr. Korotki allegedly represented to H&A that Reserves Management intended to pay the firm for its services and out-of-pocket expenses for the purpose of "inducing H&A to continue providing services and incurring...expenses on [Reserve Management's] account."[31] According to H&A, Mr. Korotki's representations were false and he knew they were false, *i.e.*, Reserves Management did not intend to compensate H&A, at the time he made the representations.[32] H&A claims it furnished services and made advances on Reserves Management's behalf in amounts "totaling $103,367.71" in reliance on Mr. Korotki's representations, and that its reliance was justifiable "under the circumstances."[33] Because "the circumstances behind Korotki's fraud...were egregious," H&A demands punitive damages and attorneys' fees in addition to the unpaid fees and

[29] *See Abry P'rs V, L.P. v. F & W Acq. LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006).
[30] Pl.'s Second Am. Compl. ¶¶ 29-30, 33.
[31] *Id.* ¶¶ 31-32.
[32] *Id.* ¶¶ 36-37.
[33] *Id.* ¶¶ 38-39. H&A, in a footnote, clarifies that it does not seek to recover for its services and/or advances to the extent such amounts are subject to a discharge in bankruptcy. *Id.* ¶ 38 n.1.

9

expenses.[34] In response, Defendants urge the Court to dismiss H&A's fraud claim as an impermissible duplication of its breach of contract claim against Reserves Management and contend the Second Amended Complaint fails to plead the elements of fraud with particularity.

In Delaware, "where an action is based entirely on a breach of the terms of a contract between the parties, and not on a violation of an independent duty imposed by law, a plaintiff must sue in contract and not in tort."[35] Indeed, "[a] breach of contract claim cannot be turned into a fraud claim simply by alleging that the other party *never intended to perform*."[36] Ultimately, when, as here, a complaint alleges fraud contemporaneously with breach of contract, the fraud claim will survive only if premised "on conduct that is separate and distinct from the conduct constituting breach."[37] Courts generally focus on when the fraudulent conduct is alleged to have occurred.[38] Allegations related to the inducement to contract have been recognized as "separate and distinct" conduct, while those

---

[34] *Id.* ¶ 40. H&A "expressly limits its demand …to amounts relating to services and expenses incurred…after December 10, 2012." *Id.*

[35] *ITW Glob. Invs. Inc. v. Am. Indus. P'rs Capital Fund IV, L.P.*, 2015 WL 3970908, at *6 (Del. Super. June 24, 2015) (explaining that "a plaintiff cannot state a claim for fraud simply by adding the term 'fraudulently induced' to a complaint").

[36] *See Alltrista Plastics, LLC v. Rockline Indus., Inc.*, 2013 WL 5210255, at *4 (Del. Super. Sept. 4, 2013) (emphasis added). *See also Iotex Commc'ns, Inc. v. Defries*, 1998 WL 914265, at *4 (Del. Ch. Dec. 21, 1998) ("[O]ne cannot 'bootstrap' a claim of breach of contract into a claim of fraud merely by alleging that a contracting party never intended to perform its obligations.").

[37] *See ITW Glob. Invs. Inc.*, 2015 WL 3970908, at *6.

[38] *See Cornell Glasgow, LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *8 (Del. Super. June 6, 2012).

10

focused on inducement of continued performance are generally impermissible.[39]

Here, the Second Amended Complaint alleges Mr. Korotki's misrepresentations intended to induce H&A to *continue* its services on behalf of Reserves Management. Moreover, aside from the request for punitive damages, the fraud claim requests essentially the same relief as that sought under H&A's breach of contract claim.[40] This is problematic given that "[a] plaintiff alleging both fraudulent misrepresentation and breach of contract must prove that the damages pled under each cause of action are distinct."[41]

Ultimately, the Court finds H&A's fraud claim deficient in several respects. Perhaps most noticeably, H&A does not allege Defendants misrepresented any *facts*. Rather, its claim is based on the assertion that Mr. Korotki promised H&A that Reserves Management would pay the firm the agreed-to amounts in return for its services when he knew Reserves Management did not intend to uphold its contractual obligation. Despite this allegation, it is clear this dispute is essentially one for breach of contract. While courts have "convert[ed] unfulfilled promise[s]

---

[39] *See id.*

[40] *See AFH Hlding. Advisory, LLC v. Emmaus Life Scis., Inc.*, 2013 WL 2149993, at *12-13 (Del. Super. May 15, 2013) ("The only claims for relief unique to the fraud claims are for punitive damages....The Court finds that Emmaus's breach of contract claims and fraud claims are based on the same operative facts. Additionally, Emmaus has not demonstrated a *prima facie* basis for damages for fraud or fraud in the inducement, separate and apart from any compensatory damages or declaratory relief to which Emmaus may be entitled for breach of contract or unjust enrichment.

[41] *See 4C, Inc. v. Pouls*, 2014 WL 1047032, at *7 (D. Del. Mar. 5, 2014) (citing *AFH Hldg. Advisory, LLC*, 2013 WL 2149993, at *13 and *Greenstar, LLC v. Heller*, 934 F.Supp.2d 672, 697 (D. Del. 2013)).

of future performance into fraud claim[s]" in cases where "particularized facts" were alleged to support an inference that the speaker had no intention of performing at the time the promise was made,[42] the Second Amended Complaint fails to supply this factual basis. Although H&A claims Defendants promised to pay the firm and failed to uphold that promise, this alone, even if true, does not provide a basis to infer the promise was false when made.[43] The well-pleaded facts in the Second Amended Complaint actually appear to belie that Defendants never intended to compensate H&A because it appears Defendants paid the firm, at least in part, as promised.[44] "[I]n the absence of additional circumstances, it will be found that a mere failure to perform is as consistent with an honest intent as with a dishonest one."[45] As such, the fraud count is dismissed.

[42] *See Grunstein*, 2009 WL 4698541, at *13 ("Unlike a traditional fraud claim that allows a plaintiff to plead intent generally, because the factual predicate of a promissory fraud claim is the speaker's state of mind at the time the statement is made, a general averment of a culpable state of mind is insufficient. Instead, the plaintiff "must plead specific facts that lead to a reasonable inference that the promissor had no intention of performing at the time the promise was made.").

[43] *See, e.g., Berdel, Inc. v. Berman Real Estate Mgmt., Inc.*, 1997 WL 793088, at *8 (Del. Ch. Dec. 15, 1997) ("A party's failure to keep a promise does not prove that the promise was false when made.").

[44] Pl.'s Second Am. Compl. ¶ 9 (seeking amounts "totaling $103,367.71 after certain payments were received").

[45] *Outdoor Techs., Inc. v. Allfirst Fin., Inc.*, 2001 WL 541472, at *4 (Del. Super. Apr. 12, 2001) (quoting *Murphy v. T.B. O'Toole, Inc.*, 87 A.2d 637, 638 (Del. Super. 1952)).

### 3. Estoppel

H&A also alternatively attempts to recover the unpaid fees and expenses from Reserves Management under the doctrine of promissory estoppel.[46] To establish a claim for promissory estoppel, a plaintiff must allege that:

> (i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise.[47]

Like *quantum meruit*, estoppel is inapplicable where there is "an existing contract that governs the issue before the Court."[48] Defendants thus repeat the argument that H&A's contractual allegations prevent the firm from seeking recovery by estoppel. In response, H&A again maintains it is entitled to seek relief in the alternative under Delaware's liberal standard of notice pleading.[49] While this may be true, "it should be noted that the doctrine of promissory estoppel is appropriately invoked *where injustice can be avoided only by enforcement of the promise.*"[50] Because H&A can proceed against Reserves Management under its claims for breach of

---

[46] Pl.'s Second Am. Compl. ¶¶ 41-51.

[47] *Alltrista Plastics, LLC*, 2013 WL 5210255, at *10.

[48] *See id.* at *9 ("[I]f there is an enforceable contract, promissory estoppel will apply only if the contract governs other aspects of the parties' relationship and not when the relied-upon promises were incorporated into the contract.").

[49] Pl. Obj. to Defs.' Mot. to Dismiss and for Other Relief, ¶¶ 3-4. H&A explains that it added the estoppel claim to the Second Amended Complaint specifically because of Defendants' "coyness" with regard to their "inten[t] to dispute the existence of an agreement." *Id.*

[50] *See Hursey Porter & Assocs. v. Bounds*, 1994 WL 762670, at *18 (Del. Super. Dec. 2, 1994) (emphasis added).

13

contract and *quantum meruit,* "invocation of the doctrine of promissory estoppel is not necessary in order to avoid injustice in the instant case."[51] Thus, H&A's promissory estoppel claim will be dismissed.

## A. MOTION FOR A MORE DEFINITE STATEMENT

Defendants have also moved for a more definite statement. Where a claim is "so vague or ambiguous" that the opposing party cannot reasonably respond, the Court may require a more definite statement pursuant to Rule 12(e).[52] Defendants contend H&A has failed to provide sufficient notice regarding the basis of its claims. As a result, Defendants ask the Court to require H&A to attach a copy of the alleged agreement between the parties, identify and produce any invoices referenced in the Second Amended Complaint, identify payments it received, and state its fraud claim with particularity.[53] H&A responds that Defendants have cited no authority supporting that a party's failure to attach an alleged contract warrants dismissal of an initial pleading.[54] H&A also maintains that "to the extent Defendants want documents 'produced,' they have already received copies of

---

[51] *See id. See also Avantix Labs., Inc. v. Pharmion, LLC,* 2012 WL 2309981, at *11 (Del. Super. June 18, 2012) ("The Court already has determined that Avantix can proceed against Pharmion on the theory of *quantum meruit.* Therefore, invocation of the promissory estoppel doctrine is not necessary to avoid injustice in the instant action. Avantix's promissory estoppel claim must be dismissed.").

[52] *See* Super. Ct. Civ. R. 12(e) (requiring such motions specify "defects" and/or "details desired").

[53] Defs.' Mot. to Dismiss and for Other Relief, ¶ 8.

[54] Pl. Obj. to Defs.' Mot. to Dismiss and for Other Relief, ¶ 2 n.1.

14

all…non-privileged documents…relating to any of the matters in which Korotki or his entities were involved, consisting of over 22,000 pages."[55]

Defendants acknowledged at oral argument that H&A was not required, as a matter of pleading practice, to attach a copy of the alleged agreements.[56] However, they argue more specificity is justified in this case due to considerations relating to Mr. Korotki's bankruptcy proceedings.[57] While the Court appreciates this complicating factor, in Delaware, a plaintiff is not required to attach all documents upon which its complaint is based.[58] The Second Amended Complaint pleads facts sufficient to provide fair notice. More details regarding the allegations can be flushed out during discovery.[59] As such, the request for a more definite statement is denied.

## B. MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES & ATTORNEYS' FEES

Finally, Defendants ask the Court to strike Plaintiff's request for punitive damages and attorneys' fees. Rule 12(f) permits the Court to strike "any insufficient defense" or "redundant, immaterial, impertinent or scandalous matter."[60] Because motions to strike are disfavored in Delaware, they are "granted

---

[55] *Id.*, Ex. A, ¶ 36.
[56] Hearing Tr. at 6.
[57] *Id.* at 7-8.
[58] *See, e.g., VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606,611 (Del. 2003).
[59] *See id.* (stating that defendants have "the burden to determine the details of the cause of action by way of discovery for the purpose of raising legal defenses").
[60] *See* Super. Ct. Civ. R. 12(f).

sparingly" and only where "clearly warranted, with [any] doubt…resolved in favor of the pleadings."[61] Since the Court has dismissed the fraud claim and the punitive damage request only related to that Count, it need only address Defendants' request as it pertains to the attorneys' fees sought in connection with H&A breach of contract claim against Reserves Management.

Delaware follows "the American Rule, under which each party must bear its own…attorneys' fees, absent certain exceptions" such as cases "where the parties agree by contract to shift the costs and expenses of litigation."[62] The Second Amended Complaint alleges the agreement between H&A and Reserves Management provided that, in the event Reserves Management failed to pay invoiced amounts on time, the firm could recover costs of collection, including attorneys' fees.[63] Defendants ask the Court to strike the request for attorneys' fees because H&A did not allege it issued any invoices nor did it attach invoices to the Second Amended Complaint.[64] Considering this request in light of the pleadings, the Court cannot find that striking the demand for attorneys' fees is "clearly warranted" given H&A's allegation that the parties contracted to shift such costs

---

[61] *See O'Neill v. AFS Hldgs., LLC,* 2014 WL 626031, at *5 (Del. Super. Jan. 15, 2014). *See also In re Estate of Cornelius,* 2002 WL 1732374 (Del. Ch. 2002) (stating movant must show "clearly and without doubt that the matter sought to be stricken has no bearing on the…litigation").
[62] *See Nichols v. Chrysler Grp. LLC,* 2010 WL 5549048, at *3 (Del. Ch. Dec. 29, 2010).
[63] Pl.'s Second Am. Compl., ¶ 19.
[64] Defs.' Mot. to Dismiss and for Other Relief, ¶ 7.

away from the firm in seeking to collect unpaid amounts.[65] Thus, Defendants' motion to strike H&A's request for attorneys' fees is denied.

## CONCLUSION

The Court will not repeat the admonitions that it made in the conclusion section of the related Opinion in *Korotki v. Hiller & Arban, LLC,* C.A. No. N15C-07-164 CCLD WCC (July 1, 2016) (Memorandum Opinion), but will simply say it is also applicable here. While the litigation between these parties is contentious, the Court expects counsel to avoid the tendency of taking on the personality of the clients, to litigate this matter professionally, and to perform their litigation responsibilities in a manner divorced from the parties' hostile relationship.

IT IS SO ORDERED.

_____
Judge William C. Carpenter, Jr.

---

[65] *See O'Neill,* 2014 WL 626031, at *5 (acknowledging that motions to strike should be granted only when "clearly warranted," with all double resolved in favor of the pleadings).